**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VEC, INC.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:19-2148** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOYCE ELECTRICAL, INC. and HUDSON INSURANCE CO.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the court is defendant Joyce Electrical, Inc.'s ("Joyce") motion for leave to join The Guarantee Company of North America USA ("Guarantee") as a third-party defendant to this case (Doc. 37). For the reasons set forth below, Joyce's motion is DENIED.

## II. **Background**

The plaintiff, VEC, Inc. ("VEC"), initiated the instant action on December 17, 2019, asserting against Joyce claims of breach of contract, unjust enrichment, and conversion. (Doc. 1). These claims arise from a subcontract in which Joyce agreed to provide construction services to VEC.

1

On June 2, 2021, Joyce filed the present motion, asserting Guarantee should be joined as a third-party defendant to this action. (Doc. 37). Joyce alleges that it is owed payment for its construction services pursuant to a performance and payment bond under which Guarantee is named as the surety. *Id*. at ¶4. Joyce filed a brief in support of its motion on June 21, 2021. (Doc. 38). On July 2, 2021, VEC filed a brief in opposition to Joyce's motion. (Doc. 39).

## IV.    Standard

Defendant Joyce's motion for leave to join a third-party defendant is brought pursuant to Federal Rule of Civil Procedure Rule 14 ("Rule 14").

Rule 14 provides that:

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

*See* Fed.R.Civ.P. 14(a)(1). Moreover, pursuant to Local Rule 14.1,

> [a] motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six

2

> (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

*See* M.D.Pa. L.R. 14.1. Local Rule 14.1 may be suspended upon a showing of good cause. M.D.Pa. L.R. 14.3.

The purpose of Rule 14(a) is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought so they expedite the final determination of the rights and liabilities of all the interested persons in one suit." *See Naramanian v. Greyhound Lines, Inc.*, No. 07-4757, 2010 WL 4628096 (E.D. Pa. Nov. 15, 2010). To utilize the procedure of Rule 14, a third-party plaintiff must demonstrate some substantive basis for its claim. *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D. Pa. 1985).

If there is a proper substantive basis for the filing of a third-party complaint, the court must determine if it should permit the filing of the third-party complaint. As such, the court may consider: (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion. *Gonzalez v. Angelus Sanitary Canning Mach. Co.*, No. 09-1455, 2010 WL 4514332, at *2 (M.D. Pa. Nov. 2, 2010).

3

**IV.** **Discussion**

VEC contends this court should deny Joyce's instant motion for several reasons. First, VEC contends the motion is time-barred by the applicable statute of limitations. Second, it argues the motion is untimely pursuant to this court's March 24, 2020 scheduling order. Lastly, it contends the motion should be deemed withdrawn pursuant to Local Rule 7.5.

At the outset, Joyce's motion fails to conform to the timing requirements prescribed by the Local Rules and this court's order. Joyce's motion is not accompanied by a timely-filed brief pursuant to Local Rule 7.5. A party must file a brief in support "[w]ithin fourteen (14) days after the filing of any motion." *See* Local Rule 7.5. "If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." *See id.* Here, Joyce filed a brief in support of its motion on June 21, 2021, five days after the period in which he may do so.

Furthermore, Joyce's motion for leave to join a third-party defendant was untimely filed pursuant to Local Rule 14.3 and this court's March 24, 2020 scheduling order. The instant motion was filed on June 2, 2021, more than six months following service of Joyce's answer to VEC's complaint on February 17, 2020. (Docs. 15, 37); M.D.P.a. L.R. 14.3. It was also filed over

4

a year after the April 30, 2020 deadline for joining additional parties pursuant to this court's March 24, 2020 scheduling order. (Doc. 24).

Even if the court were to overlook these obvious procedural defects, an inquiry into the merits of Joyce's arguments also compels the court to deny the instant motion. In light of the four factors generally considered by federal courts in deciding whether to permit the filing of a third-party complaint pursuant to Rule 14, the court observes that Joyce's motion is statutorily barred.

Pennsylvania law is applicable in this case brought pursuant to diversity jurisdiction. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22 (1941). Under the applicable statute of limitations, an action upon any payment or performance bond must be commenced within one year from the time the cause of action accrued. 42 Pa. C.S.A. §5523(3); 42 Pa.C.S.A. §5502(a). In an action on a performance bond, accrual begins when the "obligee knows or should know of a breach of the underlying contract." *See Montgomery County v. MicroVote Corp.*, 23 F.Supp.2d 553, 555 (E.D.Pa. 1998) (*citing Altoona Area School District v. Campbell*, 152 Pa.Cmwlth. 131, 618 A.2d 1129, 1135 (1992), *appeal denied*, 535 Pa. 639, 631 A.2d 1010 (1993)).

Also relevant to the statute of limitations is the Pennsylvania's Public Works Contractors' Bond Law of 1967, which provides that:

> any claimant who has performed labor or furnished material in the prosecution of the work provided for in any contract for which a payment bond has been given, pursuant to the provisions of subsection (a) of section 3 of this act, and who has not been paid in full therefor before the expiration of ninety days after the day on which such claimant performed the last of such labor or furnished the last of such materials for which he claims payments, may bring an action on such payment bond in his own name, in assumpsit, to recover any amount due him for such labor or material, and may prosecute such action to final judgment and have execution on the judgment.

*See* 8 P.S. §194(a). Considering the bond law and Pennsylvania's one-year statute of limitations period, the Pennsylvania Supreme Court has determined that a party bringing a payment or performance bond claim has "one year from the expiration of the statutory ninety day waiting period to bring suit against" the surety party. See *Centre Concrete Co. v. AGI, Inc.,* *559 A.2d 516, 518 (Pa. 1989)*.

VEC argues that Joyce's cause of action accrued no later than November 9, 2019. This is the date of Joyce's October 9, 2019 final invoice and payment application for its work performed, plus an assumed thirty-day payment term. (Doc. 39-1).

6

The court agrees that Joyce's cause of action accrued by November 9, 2019, since Joyce's own third-party complaint alleges that it performed work on the secured project until June 2019, when its subcontract was terminated. (Doc. 37-1 at ¶7); *see Umoja Erectors, LLC v. D.A. Nolt, Inc., No. 20-5046, 2021 WL 1214505 (E.D.Pa. Mar. 31, 2021)* (statutory period under 42 Pa. C.S.A. §5523 began on the last day that the party seeking a payment bond claim provided labor for which it sought payment); *B&D Masonry, Inc. v. Green*, No. 12–3454, 2013 WL 4532791, *4 (E.D.Pa. Aug. 26, 2013) (third-party plaintiff's cause of action against surety accrued from the last day it worked on the secured project).

Here, the statutory waiting period began on November 9, 2019. Accounting for the 90-day waiting period, the one-year statute of limitations period therefore began to run on February 7, 2020. Because Joyce filed the instant motion for leave to join Guarantee as a third-party defendant on June 2, 2021, months after the applicable statute of limitations has run, its sole claim against Guarantee is time-barred.

7

## V. **Conclusion**

For the foregoing reasons, Joyce's motion, (Doc. 37), is **DENIED**.

An appropriate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 25, 2022**
19-2148-01