UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VEC, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOYCE ELECTRICAL, INC. & HUDSON INSURANCE CO., <br><br> Defendants. | CIVIL ACTION NO. 3:19-CV-02148 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is a motion *in limine* filed by Joyce Electrical Inc. ("Joyce") and Hudson Insurance Co. ("Hudson") (collectively "Defendants"). (Doc. 82). VEC, Inc. (VEC) initiated this breach of contract action under 28 U.S.C. §1332 on December 17, 2019. (Doc. 1). The allegations in VEC's complaint stem from the Defendants' alleged breach of a building contract between the parties after Williams Field Service Company LLC ("Williams") awarded VEC a contract to build an electrical substation and distribution line. (Doc. 1, ¶¶ 7, 17). After soliciting bids for subcontractors to do the electrical work on the project, VEC hired Joyce. (Doc. 1, ¶¶ 20-24). Joyce eventually fell behind on their contractual obligations, prompting VEC to prepare a recovery plan. (Doc. 1, ¶ 32). Joyce allegedly failed to meet the obligations outlined in the recovery plan as well, and allegedly abandoned the project. (Doc. 1, ¶ 31-73). As a result, VEC had to have other contractors finish the unfinished work. (Doc. 1, ¶¶ 44-45). Delays in the project caused VEC to incur $280,000 in liquidated damages to Williams. (Doc. 1, ¶ 47). Accordingly, VEC filed this action against Joyce and Hudson to collect their losses on the project, which include liquidated damages paid to Williams, additional costs paid to subcontractors to complete Joyce's obligations, increased

overhead and job costs, and lost profits, which total $1,403,035.40 plus interest. (Doc. 88, at 25).

Defendants' motion *in limine* seeks to preclude the testimony and expert report (the "Report") of VEC's expert witness, George P. Ellis ("Ellis"), including his expert report (the "Report"), under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). (Doc. 82). VEC opposes the motion. (Doc. 86). The motion has been fully briefed and is ripe for disposition.

**I.   LEGAL STANDARD**

Federal courts are vested with broad inherent authority to manage their cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

In general, the Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Fed. R. Evid. 402. Moreover, Rule 702, which governs the admissibility of expert testimony, "has a liberal policy of admissibility." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). Specifically, Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.
>
> Fed. R. Evid. 702.

"Rule 702 has three major requirements: (1) the proffered witness must be an expert, i.e., must be qualified; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge [, i.e. reliability]; and (3) the expert's testimony must assist the trier of fact [, i.e., fit]." *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010) (alterations in original) (*quoting Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008)). First, an expert is qualified if "the witness possess[es] specialized expertise." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The United States Court of Appeals for the Third Circuit interprets the qualification requirement liberally, and notes that "a broad range of knowledge, skills, and training qualify an expert as such." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994); *Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 327-28 (3d Cir. 2002) ("[T]his specialized knowledge can be practical experience as well as academic training and credentials ..."). The second requirement under Rule 702 is that "the process or technique the expert used in formulating the opinion is reliable. *Paoli*, 35 F.3d at 742. Therefore, "the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good

3

grounds' for his or her belief." *Paoli*, 35 F.3d at 742 (*quoting Daubert*, 509 U.S. at 590). The Court in Daubert noted that the assessment of whether testimony is based on a reliable foundation is "flexible." *Daubert*, 509 U.S. at 594. Third, under Rule 702 "the expert testimony must fit the issues in the case." *Schneider*, 320 F.3d at 404. This requirement is satisfied where the "expert testimony proffered ... is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985). "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92. Although the applicable standard for determining "fit" is "not that high," it is nonetheless "higher than bare relevance." *Paoli*, 35 F.3d at 745.

Finally, in performing its gatekeeping function to determine whether an expert's proffer is reliable and relevant under *Daubert* and Rule 702, the trial court "is not to weigh the evidence relied upon or determine whether it agrees with the conclusions reached therein." *Walker v. Gordon*, 46 F. App'x 691, 695 (3d Cir. 2002) (*citing Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138-39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge.")).

**II.   DISCUSSION**

Defendants seek to preclude the expert testimony and report of Ellis, arguing that he is not qualified to calculate damages, that his evidence is unreliable, and that his evidence does not fit the issues of the case. (Doc. 82).

4

A. QUALIFICATIONS

First, Defendants aver that Ellis "has no qualifications to opine on damages." (Doc. 83, at 11-12). VEC asserts that Ellis is a qualified damages expert due to his extensive experience calculating damages in his CV and educational background. (Doc. 86, at 5 n.2).

"Qualification requires 'that the witness possess specialized expertise.'" *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008). "Rule 702's qualification requirement is to be liberally construed." *Allen v. Foxway Transp. Inc.*, No. 4:21-CV-00156, 2024 WL 388133, at *2 (M.D. Pa. February 1, 2024). Further, "[t]he United States Court of Appeals for the Third Circuit has instructed that courts should 'eschew [] overly rigorous requirements of expertise and [be] satisfied with more generalized qualifications.'" *Allen*, 2024 WL 388133, at *2 (*citing Paoli*, 35 F.3d 717, 741 (3d Cir. 1994)). Ellis Consulting Services LLC employs Ellis as a "Senior Construction Consultant." (Doc. 86-2, at 1). In the construction industry, Ellis works on projects ranging from consulting to the tabulation of damages for litigation. (Doc. 86-2, at 2-3). Specifically, under the "Sample Projects" section of his CV, Ellis reports extensive experience tabulating construction damages concerning power plants. (Doc. 86-2, at 10). Before working at Ellis Consulting Services LLC, Ellis worked in various construction positions, ranging from a project engineer to a chief executive officer. (Doc. 86-2, at 2-3). Based on his qualifications, the Court finds Ellis a qualified expert in construction management and damage calculation for this case. *See Habecker v. Copperloy Corp.*, 893 F.2d 49, 52 (3d Cir. 1990) (finding an expert with a master's degree in safety education and a doctorate in human factors and product safety design qualified to opine on a forklift injury that involved forklift safety); *see Allen*, 2024 WL 388133, at *4-5 (finding an expert qualified to testify about the freight brokerage industry also had enough generalized knowledge to opine

on liability, causation, and negligence of a broker); *see VanDine v. Summit Treestands, LLC*, No. 23-0027, 2024 WL 3160326, at *4-5 (E.D. Pa. June 25, 2024) (finding a mechanical engineer with extensive experience testing hunting tree stands and using them personally was qualified to opine on manufacturing defects). As such, Defendants' motion *in limine* is denied on this basis.

B. RELIABILITY

Defendants next submit that the Report is "devoid of any actual analysis, is full of misrepresentations of the discovery record, and is rife with impermissible conclusions of law." (Doc. 82, at 1). Additionally, Defendants contend that Ellis's "opinions contain no methods or procedures and are unreliable." (Doc. 82, at 1-2). VEC avers that practical experience is a reliable method, and that Ellis's Report is sufficient because "[h]e applies his specialized knowledge of and experience in the construction industry" to the facts of the case. (Doc. 86, at 8).

While an expert's opinion must be based on the methods and procedures of science, the assessment of whether testimony is based on a reliable foundation is "flexible." *Daubert*, 509 U.S. at 594. *Daubert* factors such as peer review, publication, and potential error rate "simply are not appliable, [when] the reliability of testimony from a practical expert depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Jones v. SWEPI L.P.*, 643 F. Supp. 3d 547, 562 (W.D. Pa. 2022) (*citing Elgert v. Siemens Indus., Inc.*, No. CV 17-1985, 2019 WL 1294819, at *5–6 (E.D. Pa. March 20, 2019) (internal quotations omitted)). Here, the Report's analysis relies heavily on Ellis's practical experience. (Doc. 86, at 8; *see generally* Doc. 86-1). Ellis extensively analyzed the record's construction documents to reach his conclusions. (Doc. 86, at 6, 8-9; *See generally* Doc. 86-1).

Ellis uses phrases such as "it is my experience that" to demonstrate how he integrated his practical knowledge with the facts he reviewed. (Doc. 86-1, at 29, 33, 38); *see Allen*, 2024 WL 388133, at *7 (finding that experts utilizing practical experience may opine on their knowledge of industry standards); *Complaint of Borghese Lane, LLC*, No. 2:18-cv-00533, 2023 WL 2805390, at *3 (W. D. Pa. April 6, 2023) (finding a river mariner's professional opinion from reviewing the documents pertaining to a barge breakaway was a reliable methodology in light of his practical experience). Additionally, Ellis buttresses some of his arguments with independent data, including weather data. (Doc. 86-1, at 34-35, 57-59).

Based on the above, the Court concludes that Ellis used objective grounds to come to his conclusions. Any factual discrepancies do not defeat the reliability of Ellis's expert evidence, as Defendants will have the ability to cross-examination Ellis on these issues at the time of trial. As such, the Court finds the Report is sufficiently reliable under Federal Rule of Evidence 702.

C. FIT

Finally, Defendants submit that "Mr. Ellis's opinions do not fit the case and will not help the factfinder understand any evidence or decide any fact in dispute." (Doc. 83, at 7). More specifically, Defendants argue that the case is too straightforward for expert interpretation and that Ellis's "net opinions, or *ipse dixit*, should be excluded from evidence because they "would be completely unhelpful or harmful to the trier of fact." (Doc. 83, at 11) (citations omitted). VEC argues that Ellis's experience and insight in the construction industry will help the tier of fact further understand the issues in dispute. (Doc. 86, at 7).

"In assessing whether an expert's proposed testimony "fits," courts ask "'whether [the] expert testimony proffered ... is sufficiently tied to the facts of the case that it will aid the jury

7

in resolving a factual dispute.'"[1] *Allen*, 2024 WL 388133, at *3. "The 'standard is not that high,' but 'is higher than bare relevance.'" *Allen*, 2024 WL 388133, at *3 (*quoting Paoli*, 35 F.3d at 745). The Third Circuit has instructed that "the District Court must ensure that an expert does not testify as to the governing law of the case." *Berckeley Inv. Group, Ltd. V. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). "[T]he line between admissible and inadmissible expert testimony as to the customs and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties." *Berckeley Inv. Group, Ltd.*, 455 F.3d at 217. "'It is settled law that an expert may testify about common behavior patterns in a profession or subculture' so long as the expert does not testify as to 'legal duties arising therefrom.'" *Allen*, 2024 WL 388133, at *3-4.

---

[1] As the Third Circuit explained, Rule 702 applies whether the trier of fact is a judge or a jury:

> Rule 702 applies whether the trier of fact is a judge or a jury. By using the term "trier of fact," rather than specifying judge or jury, Rule 702 does not distinguish between proceedings. Contrast that language with Federal Rule of Evidence 403, permitting a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of … misleading the jury." Fed. R. Evid. 403. Given that Rule 702 was "amended in response to *Daubert* … and to the many cases applying *Daubert*, including *Kumho Tire*," and its text continues to employ the broad "trier of fact" instead of the more specific "jury," district courts must apply Rule 702 to assess an expert's qualifications, reliability, and fit before weighing the expert's opinions to decide a triable issue. Fed. R. Evid. 702 advisory committee's note to 2000 amendments ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted."); *see also* Fed. R. Evid. 1101(a) (applying the Federal Rules of Evidence to proceedings before district courts).
>
> *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832–33 (3d Cir. 2020)

The Court finds that the issues in the case are sufficiently industry-specific to allow an expert to aid the trier of fact. (Doc. 83, at 7). Due to his practical experience and thorough Report, Ellis's expert evidence fits the issues in this case. *See Allen*, 2024 WL 388133, at *7 (finding that the practical experience expert's evidence can fit the issues of the case by utilizing the available facts and his practical experience to help the trier of fact navigate complex industry-specific matters). However, to the extent Ellis's conclusions venture into legal conclusions, those will be excluded. *See Taylor v. Southeastern Pennsylvania Transp. Authority*, No. 23-2140-KSM, 2024 WL 3205209, at *5 (E.D. Pa. June 27, 2024) (concluding that an expert witness cannot come to a legal conclusion on the facts they are asked to review); *see also Wolfe v. McNeil-PPC, Inc.*, 881 F. Supp. 2d 650, 661-62 (E.D. Pa. 2012) (finding that experts making statements such as "defendants' conduct was negligent" is an inadmissible legal conclusion). Otherwise, Ellis's evidence sufficiently fits the issues of this case under Federal Rule of Evidence 702.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* to preclude the expert report and testimony of George P. Ellis at trial is **GRANTED in part** and **DENIED in part**. Ellis is precluded from opining on the ultimate issues in this case. However, the Court will not bar the testimony and report of Ellis in its entirety, as the Court finds that Ellis is sufficiently qualified as an expert in the field of construction management and that the report and testimony meet the Federal Rule of Evidence 702 requirements. An appropriate Order follows.

**Dated: October 8, 2024**                                              *s/ Karoline Mehalchick*
                                                                                                **KAROLINE MEHALCHICK**
                                                                                                **United States District Judge**